**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stefan Kasian,<br><br>    Petitioner,<br><br>vs.<br><br>Internal Revenue Service and IRS Revenue Agent David Tolman,<br><br>    Respondents. | No.  CV-10-1462-PHX-JAT<br>       MC-10-0058-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Mr. Stefan Kasian's ("Petitioner") Motion for a Temporary Restraining Order (Doc. 3). After reviewing the Motion and the Government's Response (Doc. 5), the Court denies the Motion.[1]

**I.**  **Background and Procedural History**

On approximately May 27, 2010, IRS Revenue Agent David Tolman issued administrative summonses to Bank of America, Chase Home Finance, LLC, Capital Title Agency, Inc., M&I Bank, Heritage Bank, JP Morgan Chase Bank, NA, Transnation Title Insurance, Wells Fargo Bank, NA, CITI Residential Lending, Inc., and AMC Services, Inc. (Doc. 3 at 9-31). The IRS issued these third-party summonses to obtain and investigate records related to Petitioner's potential tax liabilities. (Doc. 5 at 4). Petitioner filed this

---

[1] Petitioner did not file a reply to the Government's Response.

1  Motion for a Temporary Restraining Order to prevent the Government's enforcement of
2  these summonses until "after [his] [Freedom of Information Act ("FOIA")] request is
3  completely fulfilled and Petitioner has [a] reasonable time to review and respond . . . ." (Doc.
4  3 at 5).

5  **II.    Analysis**

6  The Government argues this Court should deny Petitioner's request for a temporary
7  restraining order based on the Anti-Injunction Act. "Absent a clear congressional command
8  to the contrary, federal courts retain their authority to issue injunctive relief in actions over
9  which they have jurisdiction." *Califano v. Yamasaki*, 442 U.S. 682, 705 (1978). The Anti-
10 Injunction Act both prohibits suits to restrain the assessment or collection of taxes and a
11 court's ability to grant equitable relief. 26 U.S.C. § 7421(a) ( "[N]o suit for the purposes of
12 restraining the assessment or collection of any tax shall be maintained in any court by any
13 person."); *see Shannon v. United States*, 521 F.2d 56, 58 (9th Cir. 1975). These broad
14 prohibitions under the Anti-Injunction Act not only apply to the assessment and collection
15 of the tax itself, but also to activities intended to, or which may culminate in, the assessment
16 or collection of taxes. *Blech v. United States*, 595 F.2d 462, 466 (9th Cir. 1979).

17  **A.    Statutory Exceptions to the Anti-Injunction Act**

18  Congress has created certain exceptions to the Anti-Injunction Act. 26 U.S.C. §
19 7421(a) (listing sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1),
20 6331(I), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436 as exceptions to the Act).
21 Petitioner's motion to quash (26 U.S.C. § 7609) is not one of the included exceptions to the
22 Anti-Injunction Act. *See Morrow v. United States*, 2008 WL 3243955, *1 (E.D. Wash.
23 1008); *Hill v. Mosby*, 896 F.Supp. 1004, 1005 (D. Idaho 1995) (holding that the petitioner's
24 motion to quash IRS third-party summonses did not implicate the Anti-Injunction Act's
25 statutory exceptions). Therefore, these statutory exceptions do not provide a basis for a
26 temporary restraining order.
27 ///
28

### B.     Judicial Exception to the Anti-Injunction Act

The Supreme Court has also recognized a very narrow judicial exception to the Anti-Injunction Act where: "1) it is clear that under no circumstances could the government ultimately prevail; and 2) equity jurisdiction otherwise exists, i.e., the taxpayer would otherwise suffer irreparable injury." *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1485 (9th Cir. 1990) (citing *Comm'r v. Shapiro*, 424 U.S. 614, 627 (1976)).

### 1.     The Government's Inability to Succeed on the Merits

"[T]he district court must determine the possibility of success of the Government's assessment based upon the information available to the court at the time of the [suit's] filing . . . ." *Church of Scientology*, 920 F.2d at 1485-86. This prong is fulfilled "[o]nly if it is then manifest under the most liberal view of the law and the facts, that the government cannot prove its claim." *Id.* at 1486 (internal citation omitted). The Supreme Court has noted the Government's "good faith" in pursuing a claim fulfills this standard. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). "A 'heavy' burden falls upon the taxpayer to show an abuse of process or the lack of institutional good faith." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993). Petitioner has failed to demonstrate the Government's inability to succeed on the merits.

The Commissioner of Internal Revenue possesses the duty to make inquiries, determinations, and assessments of all taxes imposed by the Internal Revenue Code, as well as investigate any potential offenses involving these laws. *See Donaldson v. United States*, 400 U.S. 517, 523-24 (1971). Specifically, the Commissioner may examine books, records, and other data through a summons to determine the correctness of a return or collect a tax liability. *See* 26 U.S.C. § 7602(a). Thus, the IRS has statutory authority to issue third-party summonses regarding a taxpayer's compliance with federal tax laws. *See id.*

Here, Petitioner wants to prevent the Government from enforcing the summonses until "after [his] [FOIA] request is completely fulfilled and Petitioner has [a] reasonable time to review and respond . . . ." (Doc. 3 at 5). Petitioner has not provided any evidence to suggest wrongdoing or bad faith by the IRS or its employees. Petitioner's conclusory

1 allegations lack any meaningful degree of specificity as to the agency's purported
2 misconduct. As such, any court-imposed restraint upon the summonses is not justified
3 because the Court has no evidence before it which shows the Government is not acting in
4 good faith. Therefore, Petitioner has failed to establish the Government's inability to succeed
5 on the merits.

### 2. Irreparable Harm

Petitioner has also failed to demonstrate that irreparable harm would result absent a temporary restraining order. "The irreparable harm necessary to justify granting a [temporary restraining order] exists only when the harm suffered impairs the Court's ability to grant an effective remedy to the moving party, if the moving party ultimately succeeds on the merits." *Crow Creek Sioux Tribal Farms, Inc. v. U.S. I.R.S.*, 684 F. Supp. 2d 1152, 1157 (D.S.D. 2010); *see RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (finding that a plaintiff will have satisfied the irreparable harm requirement by showing that the harm experienced will be of the type that cannot be compensated after the fact by legal remedies). In other words, harm is irreparable when it cannot be remedied except through a restraining order. *See Designer Skin, LLC v. S & L Vitamins, Inc.*, 2008 WL 4174882, at *5 (D. Ariz. Sept. 05, 2008).

On approximately May 27, 2010, IRS Agent Tolman issued administrative summonses to several financial institutions to obtain Petitioner's records. (Doc. 5 at 2). The IRS also requested certain disclosures from Petitioner, which included financial records and account information. (Doc. 3 at 2-3). Petitioner argues that the IRS acted in both "bad faith" and "malice aforethought" by issuing these summonses. (Doc. 3 at 3). Presumably, Petitioner is alleging that because the IRS is seeking financial records illegitimately, he will be irreparably harmed by these disclosures. However, this Court cannot rely on mere allegations to issue a temporary restraining order.

In other words, Petitioner's Motion relies on only conclusory statements to challenge the summonses' legitimacy. Petitioner does not even allege how the IRS and its officials are acting in bad faith. He simply attributes the Government's summonses to bad faith or other

- 4 -

1   illegitimate conduct. Likewise, Petitioner does not explain how the summonses would cause
2   irreparable harm. On this record, the Court cannot conceive of any circumstance where the
3   production of financial records would foreclose Petitioner's ability to obtain a legal remedy.
4   *See RoDa*, 552 F.3d at 1210.

5        If the summonses ultimately proved to be unlawful, Petitioner would have an adequate
6   damage remedy against the United States under the Federal Torts Claim Act. 28 U.S.C. §
7   1346(e) ("The district courts shall have original jurisdiction of any civil action against the
8   United States provided in section 6226, 6228(a), 7426, or 7428 (in the case of the United
9   States district court for the District of Columbia) or section 7429 of the Internal Revenue
10  Code of 1986"); *see also Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980
11  (D.D.C. 1952), *aff'd*, 343 U.S. 579 (1952). Further, "if the summons[es] were improperly
12  issued or enforced a court could order that the IRS' [records] . . . be either returned or
13  destroyed." *Church of Scientology*, 506 U.S. at 15; *see also United States v. Admin. Enters.,
14  Inc.*, 46 F.3d 670, 671 (7th Cir. 1995) ("It is not too late to give appellants meaningful relief,
15  for example in the form of an order directing the government to return the documents and all
16  copies it has made of them."). For these reasons, the Court does not believe the summonses
17  will cause irreparable harm to Petitioner.

18  **III.   Conclusion**

19       After reviewing the record, the Court concludes that neither a statutory nor judicial
20  exception to the Anti-Injunction Act is available to Petitioner. First, Petitioner's motion to
21  quash, available under 26 U.S.C. § 7609, falls outside the statutory exceptions found within
22  26 U.S.C. § 7421(a). Second, Petitioner has failed to demonstrate the Government's inability
23  to succeed on the merits and that irreparable injury will result absent a temporary restraining
24  order. Because no exception to the Anti-Injunction Act is available to Petitioner, the Court
25  will apply the Anti-Injunction Act in this case. As indicated above, the Anti-Injunction Act
26  bars this Court from entering an injunction to restrain the collection of taxes. Thus,
27  Petitioner's request for a temporary restraining order to block the IRS' summonses will be
28  denied.

1  Accordingly,

2  **IT IS ORDERED** that Petitioner's Motion for a Temporary Restraining Order (Doc.
3  3) is **DENIED**.

4  DATED this 13th day of July, 2010.

```
                                   _____
                                        James A. Teilborg
                                        United States District Judge
```