**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Stefan Kasian,<br><br>          Petitioner,<br><br>vs.<br><br>Internal Revenue Service and IRS Revenue Agent David Tolman,<br><br>          Respondents. | No.   CV10-1462-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Mr. Stefan Kasian's ("Petitioner") Petition to Quash Summons (Doc. 1), the Government's Motion to Dismiss the Petition to Quash Summons (Doc. 11), the Government's Motion to Strike Amended Complaint (Doc. 19), and Petitioner's Motion to Dismiss Defendant(s)' Motion to Strike.  Petitioner did not file a response to the Government's Motion to Dismiss.  The Court now rules on the motions.

**I.     Background and Procedural History**

On approximately May 27, 2010, Internal Revenue Service ("IRS") Agent David Tolman ("Agent Tolman") issued eleven third-party administrative summonses to obtain and investigate records related to Petitioner's potential tax liabilities (Doc. 3 at 9-31; Doc. 5 at 4.)  On June 22, 2010, Petitioner filed a Petition to Quash Summons (Doc. 1) and a Motion for Temporary Restraining Order (Doc. 3.)  The Court issued an Order denying Petitioner's Motion for a Temporary Restraining Order on July 13, 2010 (Doc. 15), but did not rule at

1  that time on the Petition to Quash or the Government's Motion to Dismiss the Petition to
2  Quash for lack of subject matter jurisdiction. Petitioner filed an "Amended Complaint" on
3  November 2, 2010.

4      In its Motion to Dismiss the Petition to Quash, the Government asserts that the IRS
5  and Agent Tolman are not the proper respondents, and the United States should instead be
6  substituted as the proper party. The Government further asserts that this Court does not have
7  subject matter jurisdiction to hear Petitioner's claims because he has failed to show that the
8  United States has waived sovereign immunity. Specifically, the Government argues that
9  Petitioner failed to satisfy the jurisdictional twenty-day time period for filing a petition to
10  quash. In its Motion to Strike, the Government asserts that Petitioner's Amended Complaint
11  is untimely under Federal Rule of Civil Procedure 15(a).

12  **II.   Analysis**

13      As an initial matter, the Court agrees that the United States, not the IRS or Agent
14  Tolman, is the correct respondent in this suit. Petitioner's basis for jurisdiction, 26 U.S.C.
15  § 7609(b), does not authorize a suit against the IRS in its own name. In addition, "[a] suit
16  against IRS employees in their official capacity is essentially a suit against the United
17  States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1460 (9th Cir. 1985).

18      The Government moves for dismissal of the Petition to Quash under Federal Rule of
19  Civil Procedure 12(b)(1) for failure to show that the United States waived sovereign
20  immunity. Under the doctrine of sovereign immunity, "without specific statutory consent,
21  no suit may be brought against the United States." *United States v. Shaw*, 309 U.S. 495, 500-
22  01 (1940).

23      When the IRS issues a summons to a third-party record keeper, the taxpayer has
24  twenty days after the date of notice to bring a proceeding to quash the summons. 26 U.S.C.
25  § 7609(b)(2)(A). Notice is given when the IRS sends certified or registered mail to the last
26  known address of the person entitled to notice. *Stringer v. United States*, 776 F.2d 274, 275
27  (11th Cir. 1985). Failure to file suit to quash the summons within the twenty-day period
28  deprives the Court of jurisdiction over the United States and warrants dismissal. *Ponsford*

- 2 -

*v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985); *Faber v. United States*, 921 F.2d 1119 (10th Cir. 1990).

Agent Tolman sent notice of the issuance of the summonses by certified mail to Petitioner's last known address on May 27, 2010, the same day that the summonses were mailed to the third-party record keepers. Under 29 U.S.C. § 7609(b)(2)(A), the twenty-day period for bringing suit to quash the summonses began running on May 28, 2010 and ended on June 16, 2010. Petitioner filed his Petition to Quash on June 22, 2010. Accordingly, Petitioner's suit is untimely and must be dismissed for lack of subject matter jurisdiction.

The Government also moves to strike Petitioner's Amended Complaint as untimely under Federal Rule of Civil Procedure 15(a)(1)(B). The rule permits a plaintiff to amend a complaint once as a matter of course "if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

The Court agrees that the filing was untimely. The Government filed its Motion to Dismiss on July 8, 2010, making any amendment under Rule 15(a), without seeking leave from the Court, due by July 29, 2010. Petitioner filed his Amended Complaint on November 2, 2010 without seeking the Court's permission.[1]

The Court further agrees that granting Petitioner leave to file an amended complaint would be futile. The Petition to Quash was not timely when originally filed on June 22, 2010, nor can it be made timely by the filing of an amended complaint. *See Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1101 (9th Cir. 1999) ("A complaint may be dismissed without leave to amend only when it is clear that the complaint cannot be saved by further amendment."). However, since the Court lacks subject matter jurisdiction over

---

[1] Petitioner asserts in his Motion to Dismiss Defendant(s)' Motion to Strike (Doc. 20) that the Court's Standard Track Order (Doc. 13) issued on July 14, 2010 directed him to "effect service of Complaint no later than 120 days." However, that order provided, "*if not already accomplished* prior to the date of this order, that Plaintiff(s) shall effect service of the Complaint and Summons on all Defendants no later than 120 days after the filing of the Complaint" (emphasis added).

Petitioner's claims, the Court will deny both the Government's Motion to Strike and Petitioner's Motion to Dismiss the Motion to Strike as moot.

Accordingly,

**IT IS ORDERED** granting the Government's Motion to Dismiss the Petition to Quash Summonses (Doc. 11) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** denying Petitioner's Motion to Quash IRS Summons (Doc. 1).

**IT IS FURTHER ORDERED** denying the Government's Motion to Strike Amended Complaint (Doc. 19) and Petitioner's Motion to Dismiss Defendant(s)' Motion to Strike (Doc. 20) as moot.

DATED this 9th day of December, 2010.

James A. Teilborg
United States District Judge